IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                  Plaintiff,<br><br>   v.<br><br>JOSE PEREZ<br>                  Defendant. | Criminal Action No. 22-55-CFC |

MEMORANDUM ORDER

Defendant Jose Perez is charged with Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). D.I. 2. The Indictment alleges that on January 21, 2022, Perez possessed a black FNH 5.7x28 pistol with 21 rounds of ammunition, knowing that he had been previously convicted of a felony. D.I. 2. It is undisputed that as of January 21, 2022, Perez had been convicted of four Delaware felonies: (1) Possession of a Tier 4 Controlled Substance in violation of 16 Delaware Code § 4753(3); (2) Possession of a Tier 5 Controlled Substance in violation of 16 Delaware Code § 4752(3); (3) Possession with the Intent to Deliver a Controlled Substance with an Aggravating Factor in violation of 16 Delaware Code § 4753(2); and (4) Possession and purchase of deadly weapons by persons prohibited in violation of 11 Delaware Code § 1448(a)(4). D.I. 35 at 4–5. Thus, at

the time Perez is alleged to have violated § 922(g)(1), he had been convicted of three drug felonies.

Pending before me is Perez's Motion to Dismiss the Indictment Under the Second Amendment. D.I. 32. Perez argues that Section 922(g)(1) is unconstitutional both on its face and as applied to him under the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc). D.I. 32 at 1.

Given the numerous opinions of district courts in this Circuit that have addressed these issues in the last year and the pending appeals of many of those decisions, I expect there will be a controlling decision from the Third Circuit in the near future.[1] There is also a case before the Supreme Court, *see United States v.*

---

[1] *See e.g., United States v. Reichenbach*, 2023 WL 5916467 (M.D. Pa. Sept. 11, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with five felony drug convictions); *United States v. Ames*, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with felony robbery and firearm convictions); *United States v. Canales*, --- F.Supp. 3d ----, 2023 WL 8092078 (E.D. Pa. Nov. 20, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with three felony drug convictions); *United States v. Cooper*, 2023 WL 8186074 (D. Del. Nov. 27, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with three felony drug convictions); *United States v. Hawkes*, 2023 WL 8433758 (D. Del. Dec. 5, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with multiple felony drug and firearm convictions).

*Rahimi*, No. 22-915 (argued Nov. 7, 2023), that might shed light on the analysis relevant to the issues at hand. I will therefore be brief in my analysis.

First, I agree with Judge Marston of the Eastern District of Pennsylvania that "six Justices (Roberts, Alito, Kavanaugh, Breyer, Sotomayor, and Kagan), through concurring and dissenting opinions, [have] signaled their understanding that the majority opinion in *Bruen* did not call into question the constitutionality of the § 922(g)(1)." *United States v. Canales*, 2023 WL 8092078, at *3 (E.D. Pa. Nov. 20, 2023). Based on this fact, and the Supreme Court's "assurances" in *D.C. v. Heller*, 554 U.S. 570, 626–27 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010), that nothing in those opinions should be read to cast any doubt on the constitutionality of laws that prohibit the possession of firearms by felons, I find that the Second Amendment does not render § 922(g)(1) facially unconstitutional. As Judge Marston explained in *Canales*:

> In *Heller* and *McDonald*, the Supreme Court held that the "longstanding prohibitions on the possession of firearms by felons" is "presumptively lawful." *Heller*, 554 U.S. at 626–27 & n.26, 128 S.Ct. 2783; *McDonald*, 561 U.S. at 786, 130 S.Ct. 3020. This language was not dicta, *United States v. Barton*, 633 F.3d 168, 171 (3d Cir. 2011), and nothing in the Court's most recent opinion in *Bruen* suggests that this holding from *Heller* and *McDonald* is no longer good law, *see United States v. Morales*, No. 3:22-CR-161, 2023 WL 6276672, at *3 (M.D. Pa. Sept. 26, 2023) ("*Bruen* did not invalidate, alter, or overturn the legal principles and analysis set forth in *Heller* and *McDonald*, but instead, relying extensively on those two cases, clarified the appropriate test that must be applied

3

>in addressing Second Amendment challenges to firearms regulations.").

2023 WL 8092078 at *8.

Second, in light of *Range*, a Second Amendment challenge to the constitutionality of § 922(g)(1) as applied to a particular defendant is nonfrivolous. But as Judge Andrews explained in *United States v. Cook*, 2023 WL 8433510, at *2 (D. Del. Dec. 5, 2023),

>[t]hough the Court in *Range* held that § 922(g)(1) as applied to Range violated the Second Amendment, the Court went to considerable lengths to identify the circumstances there as an outlier. Range had been convicted in 1995 of a non-violent misdemeanor (considered to be a felony for federal purposes due to the maximum sentence being five years imprisonment), served a probationary sentence, paid his financial obligations caused by the conviction, and otherwise lived without contact with the criminal justice system for more than twenty years. He then came to court so that he could purchase a long gun to go hunting or a shotgun for self-defense at home. His is a compelling story. The Court recognized it as such.

Because *Range* presented such unique and extreme facts, most district courts in this Circuit have rejected post-*Range* "as-applied" challenges to § 922(g)(1) prosecutions. In doing so, "[t]hose courts have found that there is a historical tradition that legislatures have disarmed those individuals thought to be dangerous or a threat to public safety if armed." *Cook*, 2023 WL 8433510, at *2 (citations omitted).

4

Even though Perez is one of "the people" protected by the Second Amendment under *Range*, his three drug felony convictions place him in the category of dangerous individuals our legislatures historically saw fit to disarm. Accordingly, I find that § 922(g)(1) as applied to Perez does not violate the Second Amendment. *See Canales*, 2023 WL 8092078, at *5 (denying motion to dismiss as-applied challenge to § 922(g)(1), as "Canales's [three] prior drug-related felonies, the most recent of which was in 2017, are a far cry from Range's singular, 28-year-old conviction for making a false statement on a food stamps application to help his struggling family").

NOW THEREFORE, at Wilmington on this Thirteenth day of February in 2024, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss the Indictment Under the Second Amendment (D.I. 32) is DENIED.

                                                                  CHIEF JUDGE